# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. Nick Turse**, <br>   (Address filed under seal pursuant to LCvR 5.1(c)(1)) <br>           *Plaintiff*, <br>   v. <br><br> **U.S. Department of Defense**, <br>   1600 Pentagon 3E788 <br>   Washington, DC 20301, <br><br> **Office of the Secretary of Defense / Joint Staff**, <br>   1155 Defense Pentagon <br>   Washington, DC 20301-1155, <br><br> and <br><br> **U.S. Special Operations Command,** <br>   7701 Tampa Point Boulevard <br>   MacDill Air Force Base, FL 33621-5323 <br>           *Defendants*. | Civil Action No. |

## COMPLAINT

1. This is an action under the Freedom of Information Act, 5 U.S.C. §552, *et seq.*, seeking production of records responsive to a request submitted by Dr. Nick Turse to Defendants Department of Defense (DoD) and its components, the Office of the Secretary of Defense / Joint Staff (OSD/JS), and United States Special Operations Command (USSOCOM) (collectively, Defendants). Dr. Turse's FOIA request seeks

1

the after action review for an incident that occurred April 1, 2018 near El Buur, Somalia. Dr. Turse seeks to compel Defendants to comply with their obligations under FOIA and disclose records that have been unlawfully withheld from him and the public.

## Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendants under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

3. Venue is appropriate in this Court under 5 U.S.C. §(a)(4)(B) and 28 U.S.C. §1391.

## Parties

4. Plaintiff Dr. Nick Turse is an investigative reporter, a fellow at the Type Media Center, the managing editor of TomDispatch.com, a contributing writer at *The Intercept*, and the co-founder of Dispatch Books. He is the author, most recently, of *Next Time They'll Come to Count the Dead: War and Survival in South Sudan* as well as the *New York Times* bestseller *Kill Anything That Moves: The Real American War in Vietnam*. His previous books include *Tomorrow's Battlefield*, *The Changing Face of Empire*, *The Complex*, and *The Case for Withdrawal from Afghanistan*. He has reported from the Middle East, Southeast Asia, and Africa and written for *The New York Times*, *The Los Angeles Times*, *Harper's Magazine, Vice News, Yahoo News, Teen Vogue,*

*The San Francisco Chronicle*, *The Nation*, and BBC.com, among other print and online publications.

5. Defendant United States Department of Defense (DoD) is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f). DoD has possession, custody, and/or control of the records that Plaintiff seeks. DoD's headquarters are located at 1400 Defense Pentagon, Washington, DC 20301.

6. Defendant Office of the Secretary of Defense / Joint Staff (OSD/JS) is a component of DoD and an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f).

7. Defendant United States Special Operations Command (USSOCOM) is a component of DoD and an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f).

8. The Defendants have possession, custody, and/or control of the records that Plaintiff seeks

**Facts**

9. On March 15, 2019, Dr. Turse submitted a FOIA request to USSOCOM requesting "the after action review, including credibility assessment on potential civilian casualties for an incident on 4/1/2018 IVO [in the vicinity of] El Buur, Somalia."

10. The request identified himself as a member of the news media and specifically requested the inclusion of "so-called 'non-responsive' material per the Court of Appeals for the District of Columbia Circuit in *American Immigration Lawyers Association v. EOIR*, 830 F.3d 667 (D.C. Cir. 2016)."

11. The request was assigned identification USSOCOM FOIA 2019-202.

12. Over three years later, on June 13, 2022, USSOCOM responded.

13. USSOCOM reported that it had identified four responsive records.

14. One record has been referred to the OSD/JS for review. As of the date of this filing, Dr. Turse has received no more information about the processing of that document.

15. One record was withheld in its entirety under FOIA exemption (b)(1), which protects properly classified national security information. Dr. Turse does not challenge that withholding.

16. Two records were released in redacted form.

17. USSOCOM reported that the redactions were based on several different exemptions including:

    a. FOIA exemption (b)(1), for properly classified national security information,

    b. FOIA exemption (b)(3) and 10 U.S.C. § 130b, which protects the personally identifying information of certain military personnel,

    c. FOIA exemption (b)(5), which exempts records falling under the deliberative process privilege, attorney work-product, and records falling under the attorney-client privilege,

    d. FOIA exemption (b)(6), which , when there would be a clearly unwarranted invasion of personal privacy, exempts personal information,

    e. FOIA exemption (b)(7), the law enforcement privileges against unwarranted invasions of personal privacy and disclosure of law enforcement techniques.

18. On August 9, 2022, Dr. Turse filed an appeal of the FOIA disclosures. He identified that exemption (b)(1) was improperly used to redact some language and that exemptions (b)(5), (b)(6), and (b)(7) were improperly used to over-redact releasable information.

19. On that day, the FOIA Appeals Team notified Dr. Turse that his appeal was assigned identification number 22-AC-0093-A1.

20. As of the date of this filing, Dr. Turse has received no more information about the appeal.

## Claims

1. Defendant OSD/JS has wrongly not responded to Dr. Turse's referred FOIA request.
2. Defendants DoD and USSOCOM have wrongly applied FOIA exemptions to redact releasable information in the two produced documents.
3. Defendants DoD and USSOCOM have not responded to Dr. Turse's appeal in a statutorily timely manner.
4. Dr. Turse has a statutory right to the records he seeks, and there is no basis for Defendants to withhold them.
5. As a result, by failing to properly release the records requested by Dr. Turse, Defendants have violated FOIA.

## Requested Relief

Plaintiff therefore respectfully requests that this Court:

1. Declare that the records sought by Dr. Turse are subject to FOIA,

2. Declare that Dr. Turse is entitled to a fee waiver,

3. Order Defendants to disclose the requested records,

4. Award costs and attorneys' fees under 5 U.S.C. § 552 (a)(4)(E), and

5. Grant any other relief that the Court considers just and proper.

Respectfully submitted,    /s/ Deborah M. Golden
Deborah M. Golden, D.C. Bar #470578
The Law Office of Deborah M. Golden
700 Pennsylvania Ave. SE, 2nd Floor
Washington, D.C.  20003
Telephone: (202) 630-0332
dgolden@debgoldenlaw.com

*Counsel for Plaintiff*

Dated: October 2, 2022